UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**Derquis N. VALDIVIA MERRERO, et al.**                          **PLAINTIFFS**

v.                                        **CIVIL ACTION NO. 3:18-CV-613-CRS**

**SECURA INSURANCE**                                           **DEFENDANT**

**MEMORANDUM OPINION**

**I.**     **Introduction**

This case is before the Court on Defendant SECURA Insurance's motion to stay the case pending resolution of a related state case ongoing in Jefferson County Circuit Court. DN 17. Plaintiffs have responded in opposition. DN 18. SECURA replied. DN 19. Therefore, this matter is ripe for review. Finding that liability against SECURA is premised on a determination of liability against the state court defendants, the Court will stay this case pending a determination of liability there.

**II.**     **Factual Background**

The facts relevant to the pending motion are uncontroverted. *See generally* DN 1; DN 17-1. On March 23, 2018, a motor vehicle owned by Dixie Haulers Incorporated and driven by James McFarland impacted a motor vehicle operated by Derquis N. Valdivia Marrero, his wife Jenny Camejo-Diaz, and his infant son, J.P.V.C. As a result, Plaintiffs allege they received injuries. On September 13, 2018, Plaintiffs filed suit in the Jefferson County Circuit Court asserting negligence claims against Dixie Haulers and McFarland. *See Diaz v. McFarland*, No. 18-CI-5342.

Later, Plaintiffs filed this lawsuit against SECURA, Dixie Haulers, and McFarland. Dixie Haulers and McFarland were voluntarily dismissed, leaving only SECURA. The claims against

1

SECURA include breach of contract, contractual and tortious breach of the implied covenant of good faith and fair dealing, bad faith, unfair trade practices, intentional infliction of emotional distress, negligent infliction of emotional distress, racial discrimination in the making of a contract (42 U.S.C. § 1981), and fraudulent misrepresentation. In effect, Plaintiffs argue that SECURA has improperly and in bad faith withheld insurance payments for their injuries.

### III. Discussion

The issue revolves around whether Kentucky law requires a finding of liability regarding the insureds before a plaintiff can file a lawsuit against an insurer. All parties agree that the Supreme Court of Kentucky has been clear about this issue in the past, stating "Kentucky is not a 'direct action' jurisdiction." *State Auto. Mut. Ins. Co. v. Empire Fire & Marine Ins. Co.*, 808 S.W.2d 805, 807–08 (Ky. 1991) (citing *Cuppy v. Gen. Accident Fire & Life Assur. Corp.*, 378 S.W.2d 629, 632 (Ky. 1964)). Therefore, in Kentucky, "an injured party must first obtain judgment against the opposing party defendant and then seek enforcement of the judgment rendered in an action against the defendant's indemnitor." *Id.* at 808. Plaintiffs argue, however, that Kentucky's Unfair Claims Settlement Practices Act ("KUCSPA"), KY. REV. STAT. § 304.12-230 and Kentucky case-law surrounding third-party beneficiaries abrogates that law.

In Kentucky, a third party can sue to enforce a contract only when "the contract was made for his benefit." *Sexton v. Taylor Cty.*, 692 S.W.2d 808, 810 (Ky. Ct. App. 1985). Those individuals include donee and creditor beneficiaries:

> One is a donee beneficiary if the purpose of the promisee in buying the promise is to make a gift to the beneficiary. A person is a creditor beneficiary if the promisee's expressed intent is that the third party is to receive the performance of the contract in satisfaction of any actual or supposed duty or liability of the promisee to the beneficiary.

*Id.* (citing *King v. National Indus. Inc.*, 512 F.2d 29, 33 (6th Cir. 1975)). In essence, Kentucky requires that the third party be an intended beneficiary. However, this sort of relationship simply

does not exist between an insurance company and an injured plaintiff without a judgment finding liability on the part of the insureds. *Kentucky Hosp. Ass'n Trust v. Chicago Ins. Co.*, 978 S.W.2d 754, 755 (Ky. Ct. App. 1998) (collecting cases). *See also Kowalski v. Holden*, 276 F.2d 359, 630–61 (6th Cir. 1960) ("An insurance company in a case of this kind is an indemnitor of the defendant. The relationship between the defendant and the company is fixed by contract.").

Plaintiffs also argue that KUCSPA has worked a change in the law. KUCSPA requires the company to "conduct[] a reasonable investigation based upon all available information," KY. REV. STAT. § 304.12-230(4), and "attempt[] in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear," *Id.* at § 304.12-230(6). Such a requirement, Plaintiffs reason, does not limit a "direct action" since liability can become "reasonably clear" prior to a finding of liability by a factfinder.

However, this reliance is misplaced:

> The gravamen of the UCSPA is that an insurance company is required to deal in good faith with a claimant, whether an insured or a third-party, with respect to a claim which the insurance company is *contractually obligated* to pay. Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute.

*Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000) (emphasis in original). Further, the Supreme Court of Kentucky has interpreted the "reasonably clear" language in § 304.12-230(6) to refer only to cases where "liability is beyond dispute." *Coomer v. Phelps*, 172 S.W.3d 389, 395 (Ky. 2005). *See also Lee v. Medical Protective Co.*, 904 F.Supp.2d 648, 655 (E.D. Ky. 2012) ("this language was clearly limited to cases where liability was a certainty"). Here, there is a legitimate dispute over liability ongoing in the state court action. The determination of this case will depend on the resolution of that cases

3

Therefore, the Court must determine whether it is proper to stay the proceedings in this case pending the determination of the state factfinder. The Supreme Court has described this power:

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. True, the applicant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will the litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both. Considerations such as these, however, are counsels of moderation rather than limitations upon power.

*Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936) (internal citations omitted). Many federal courts sitting in Kentucky have authorized stays in these cases, finding staying "the bad-faith claim pending resolution of the underlying contractual dispute would both prevent prejudice and further judicial economy." *Nationwide Mut. Fire Ins. Co. v. Jahic*, No. 3:11-CV-155-TBR, 2013 WL 98059, at *3 (W.D. Ky. Jan. 7, 2013) (collecting cases). The Sixth Circuit has upheld them as well. *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005) (rejecting the "contention that the district court abused its discretion in staying discovery on the bad faith claim while the contract claim was pending"). Balancing the interests of Plaintiffs and SECURA, this Court also finds that the interests of judicial economy would be served by staying the case and that no prejudice would result.

IV. **Conclusion**

Liability in this case is intertwined with liability in the underlying state case. Pending a determination of liability by summary judgment or trial there, the Court will grant the stay.

A separate order will be entered in accordance with this opinion.

January 24, 2019

4

Charles R. Simpson III, Senior Judge
United States District Court